IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY P. COLBY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv116 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| WASHINGTON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the pro se plaintiff, Jeffrey P. Colby, a prisoner proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he receives deficient medical care at the Washington County Jail, and that Washington County employees at the jail improperly intercept the plaintiff's legal mail.

**PLRA**

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

This case is assigned to the docket of District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide.

2. The Clerk of Court shall provide the plaintiff with two summons forms (one for each of the named defendants) and two Form 285s, together with a copy of this order.

3. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the forms, service of process cannot occur.

4. On receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law, in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of those requirements, the plaintiff is granted an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on that defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of motions and other documents on other parties by first class mail.

8 The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. Each defendant shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11.     The plaintiff shall keep the court informed of his current address at all times while this case is pending.

DATED this 21st day of April, 2004.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("285 form") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s). The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint. If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption. "John Doe" plaintiffs cannot be served with process.

5. Be sure to print your case number on all forms.

6. You must give an address for each party to be served. The U.S. Marshal and the court will not know a defendant's address.

7. When completing forms for service of process on a County and on County employees in their official capacity, the plaintiff must note Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service *upon the chief executive officer, or clerk*." The address of the County Clerk can usually be obtained from a telephone directory.

8. On the other hand, County employees in their *individual* capacity may be served where they can be found, e.g., at home or at their present place of employment. *However, the court will not issue a summons for service of process on a defendant in his or her individual capacity unless the complaint or an amendment to the complaint specifies that the defendant is sued in his or her individual capacity.*

9. Where a summons form states: "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

10. Where a form 285 states: "send notice of service copy to requestor at name and address" print your name and address.

11. Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

12. Leave the last part of the summons form blank. The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.